# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

December 3, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM JOHNSTON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1105** (BOR Appeal No. 2047985)
                    (Claim No. 2012005152)

**PUTNAM PUBLIC SERVICE DISTRICT,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner William Johnston, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Putnam Public Service District, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 26, 2013, in which the Board affirmed a December 4, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 3, 2012, decision which denied a request to add lumbar radiculitis as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnston, a waste water treatment operator, was injured in the course of his employment on August 10, 2011, when he was in a motor vehicle accident. Mr. Johnston was treated that day at Charleston Area Medical Center where he reported pain in his head, neck, and mid-back. He was diagnosed with neck and back strain. He returned to Charleston Area Medical Center on August 12, 2011, with severe pain in his mid-back. At that time, he specifically denied pain in his lumbar spine. He was diagnosed with cervical and dorsal spine strains. The claim was held compensable for neck and thoracic sprains.

1

A September 28, 2011, lumbar MRI revealed degenerative changes. Marsha Bailey, M.D., Mr. Johnston's treating physician, stated in November of 2011 treatment notes that the sprain should have healed by that point as it had been ten weeks since the compensable injury. She recommended he return to work. In a November 30, 2011, letter David Caraway, M.D., stated that Mr. Johnston's lumbar MRI only showed degenerative changes. He recommended lumbar epidural steroid injections and requested that lumbar radiculitis be added to the claim. However, in his December 7, 2011, treatment request, he requested that thoracic spine steroid injections be authorized.

On December 19, 2011, Rebecca Thaxton, M.D., performed a physician's review in which she recommended that the addition of lumbar radiculitis be denied. Dr. Thaxton noted that Mr. Johnston originally reported neck and mid-back pain but specifically denied lower back pain. She noted that the lumbar MRI occurred due to the finding of a thoracic syringohydromyelia, which was unrelated to the compensable injury. She also noted that Dr. Caraway found degenerative changes on an MRI. She opined that degenerative changes are not causally connected to the claim. Therefore, the addition of the lower back to the claim would be outside of the guidelines found in West Virginia Code of State Rules § 85-20-37.2 (2006). Further, the treatment notes of Dr. Bailey; Dr. Caraway; and David Weinsweig, M.D., do not support the addition of lumbar radiculitis to the claim.

The StreetSelect Grievance Board determined on February 3, 2012, that lumbar radiculitis should not be added to the claim. It found that the compensable conditions in the claim are cervical and thoracic sprains. Mr. Johnston had no lumbar complaints for the first month and a half following his compensable injury. Further, Dr. Bailey stated that the lumbar spine condition is unrelated to the compensable injury. An independent medical evaluation was performed by Michael DeWitt, D.O., on February 17, 2012, in which he also determined that Mr. Johnston's lumbar spine condition is unrelated to his compensable injury. He found that a review of the medical records shows that Mr. Johnston did not report lower back pain in his initial emergency room visit or his follow-up visit two days later. In fact, he specifically denied lower back pain on August 12, 2011.

Mr. Johnston testified in a June 14, 2012, deposition that he reported lower back pain to his boss and the emergency room physicians on the day of his injury. Also, all of the physicians he has seen have treated him for his lower back. Lastly, he asserted that he never had back pain prior to the compensable injury, and he suffered no other injury that would cause his current lumbar spine condition.

The claims administrator denied Mr. Johnston's request to add lumbar radiculitis as a compensable component of the claim on February 3, 2012. The Office of Judges affirmed the decision in its December 4, 2012, Order. It found that the only evidence submitted in support of the request was Mr. Johnston's own deposition testimony. This was deemed to be insufficient to meet the burden of proof under West Virginia Code § 23-4-1 (2008). Further, the Office of Judges found that Dr. Caraway, who requested that lumbar radiculitis be added to the claim, opined that a lumbar MRI only showed degenerative changes. He recommended a series of

2

thoracic spine injections for syringohydromyelia; however, in an addendum, he stated that Mr. Johnston's worst pain was in his lower back and requested lumbar spine injections. The Office of Judges determined that he made no mention of a causal relationship between the compensable injury and his request to add lumbar radiculitis to the claim. The Office of Judges further noted that Dr. Caraway's authorization request was for thoracic spine injections, not lumbar spine injections. Therefore, it appeared that Dr. Caraway interchangeably referenced the thoracic and lumbar spine. His request was found to be unpersuasive. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 26, 2013, decision.

On appeal, Mr. Johnston argues that he had no back pain prior to the compensable injury and now suffers ongoing problems. He further argues that he has been treated for lumbar spine pain since the compensable injury and reported lower back pain almost immediately following the motor vehicle accident. Putnam Public Service District asserts that the only evidence submitted to causally connect Mr. Johnston's lumbar pain to the compensable injury is his own deposition testimony. Without medical evidence, he fails to meet his burden of proof. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record fails to show a causal connection between the compensable injury and Mr. Johnston's lumbar spine condition. The lumbar spine is therefore not a compensable component of the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3